**Michael SABOL, Libellant,**

v.

**MERRITT–CHAPMAN & SCOTT CORP., Respondent.**

United States District Court
S. D. New York.

Dec. 20, 1955.

Paul C. Matthews and John J. Robinson, New York City, for libellant.

Galli & Locker, New York City, by Ralph H. Terhune, New York City, of counsel, for respondent.

EDELSTEIN, District Judge.

The libellant, an employee of a subcontractor of a prime contractor to the respondent, sues to recover damages for personal injuries sustained while working on board a scow owned by the respondent. As a complete defense to the action, the respondent pleads the acceptance by the libellant of compensation under a compensation award, operating as an assignment to the employer of his rights to recover damages against respondent. 33 U.S.C. § 933(b), 33 U.S. C.A. § 933(b).

A compensation award under the provisions of the Longshoremen's and Harbor Workers' Compensation Act was made by the Deputy Commissioner, whereby the prime contractor and its carrier, the State Insurance Fund, were held liable for the payment of 16½ weeks of compensation to the libellant at the rate of $35 per week, amounting to $565. Because of a dispute about who was actually the employer (the details of which not having been set forth), an action

was commenced by the State Insurance Fund in the District Court for the Eastern District of New York to set aside the award. Subsequent to the filing of that action, the libellant requested a payment of money from the State Insurance Fund. Inasmuch as there was no dispute about the employee's right to receive the amount of the award, an agreement was entered into between the State Insurance Fund and the carrier upon which liability is sought to be fastened by the District Court action, to the effect that if the former should pay the award or a part of it, the latter would undertake to make reimbursement in the event the law suit succeeded. Accordingly, a payment of $512 was made to the libellant by the State Insurance Fund, representing 16 weeks payment at a rate of $32 per week.

The Senior Attorney for the State Insurance Fund testified that the carrier had filed Form U. S. No. 308 with the Bureau of Employees Compensation, Second Compensation District, showing that the sum of $512 had been paid. However, he also testified, on cross-examination by libellant, that the payment was "voluntary". It is the position of the libellant that the money received was not a payment of compensation under an award, so as to operate as an assignment of his rights to his employer, but the receipt merely of a voluntary payment which preserved his rights to proceed against a third-party tort-feasor. The intention of the libellant, in making such an arrangement with the State Insurance Fund, was specifically to avoid making an election to receive compensation.

■ It is true that the payment received by the libellant from the State Insurance Fund was not an amount in accordance with the award of the Deputy Commissioner. That award was in the amount of $565, and the libellant received only $512. But the award also established liens in the amount of $85, so that the amount due the libellant was actually $480. Even so, it is argued, because of the variation in amount, the "voluntary" payment cannot be said to

have been made "under an award", according to the statutory language of § 933(b). But the problem is not one for semantic solution. The payment made was certainly related to the award, and, the Form U. S. No. 308 was filed by the State Insurance Fund after the payment, indicating a payment of compensation pursuant to an award. Furthermore, the statutory scheme of assignment admits of no private agreements to negative the existence of an award under the guise of a voluntary payment. Otherwise, by such agreements, the entire purpose and scope of the legislation could be rendered a nullity.

I make the following findings of fact and conclusions of law:

### Findings of Fact

1.   On June 4, 1954, the respondent entered into an agreement with the Multi-Transplanter Corporation for the transportation by a barge or scow of a cargo of beach grass to an island off Broad Channel, Jamaica Bay, New York.

2.   On June 7, 1954, the respondent's scow No. 77 with the cargo of beach grass was tied up at that island.

3.   On June 7, 1954, the libellant was in the employ of Multi-Transplanter Corporation which was a sub-contractor to Tully & DiNapoli, Inc.

4.   While engaged in the course of his employment, in removing beach grass from the scow, which was in navigable waters of the United States of America, the libellant stumbled and fell on the scow.

5.   A short time thereafter, about five minutes, he looked and saw a hole in the deck of the scow, which was covered by a board and other matter or debris.

6.   Libellant sustained an injury of a fracture of the tip of the left fibula and a sprain of the left ankle.

7.   The libellant was temporarily totally disabled from June 7, 1954 to September 27, 1954 inclusive.

8.   Libellant is not presently employed, although during the past summer he was employed as a counterman.

9. After the occurrence of his accident, libellant filed a claim for the payment of compensation under the Longshoremen's and Harbor Workers' Act, Tit. 33, Sections 901–950, U.S.C., 33 U.S.C.A. §§ 901–950. The claim was against his employer, Multi-Transplanter Corporation, which was uninsured, and Tully & DiNapoli, Inc., the contractor for whom his employer was working. which was insured by the State Insurance Fund, the claim being reported in the records of the United States Department of Labor, Bureau of Employees' Compensation, Second Compensation District, as claim No. 7248–4.

10. On November 18. 1954, John A. Willard, Deputy Commissioner, Second Compensation District, made a compensation order for the payment of compensation, under which order and award for compensation, Tully & DiNapoli, Inc. and the State Insurance Fund were directed to pay the libellant herein, the sum of $565, which sum was subject to two liens, one in the sum of $50, payable to Paul C. Matthews, Esq. of 11 Broadway, New York 4, N. Y., the other for $35 in favor of Irving Israel, Esq., of 170 Broadway, New York, New York.

11. On December 28, 1954 the State Insurance Fund paid the libellant the sum of $512.

12. Thereafter the State Insurance Fund filed with the said Bureau of Employees' Compensation, its certificate on form U. S. No. 308, that compensation in the sum of $512 had been paid to the libellant who was the claimant in that claim.

### Conclusions of Law

1. The libellant was elected to take compensation under and pursuant to Title 33, Sections 901–950, U.S.C., 33 U.S.C.A. §§ 901–950, as his remedy for the injury which he sustained on the 7th day of June, 1954.

2. Compensation pursuant to a compensation order and award of compensation of a Deputy Commissioner of the Second Compensation District, has been accepted by the libellant.

3. The acceptance of the payment of compensation assigned, by operation of law, the libellant's cause of action for personal injuries to the State Insurance Fund.

4. Libellant cannot maintain this action.

5. A decree should be entered dismissing the libel.